UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| TRACY MEGGISON, ) ) Plaintiff, ) ) v. ) Civil No. 9-414-B-W ) MAINE, STATE OF, ) ) Defendant ) | |

**RECOMMENDED DECISION**

On December 15, 1989, Tracy Meggison was convicted of murder in the Maine Superior Court in Alfred, Maine, and on April 19, 1990, he was sentenced to seventy-years imprisonment. According to the Order issued by the Superior Court justice who reviewed Meggison's June 29, 2006, state petition for post-conviction review, Meggison did file a direct appeal to the Maine Supreme Judicial Court which affirmed the judgment of conviction on June 24, 1991. (Order Summ. Dismiss Post-Conviction Pet., Doc. No. 1-7.) I can find no published record of this decision. The record I have before me does not suggest that Meggison engaged in any post-conviction process until he filed his unsuccessful 2006 state post-conviction petition. Because it plainly appears from Meggison's 28 U.S.C. § 2254 petition and the attached exhibits that the petitioner is not entitled to review in this court, I recommend that the court summarily dismiss the petition.

**Discussion**

Pursuant to 28 U.S.C. § 2244(d) Meggison had one year from the date his conviction became final to file a federal habeas petition.

That provision reads:

> **(d)(1)** A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
> **(A)** the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> **(B)** the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> **(C)** the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> **(D)** the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d).

With regards to § 2244(d)(1)(A), Meggison did seek direct review and his conviction was apparently affirmed on June 24, 1991. He filed a state post-conviction petition on June 29, 2006. There is no question but that his § 2244(d)(1)(A) year ran before Meggison took any step to seek further review of his sentence.

Meggison has submitted the order from the Maine Superior Court summarily dismissing his state petition for post-conviction review which he filed in 2006. That petition relied on Maine v. Schofield, 2005 ME 82, 895 A.2d 927. Schofield addressed the implications of the United States Supreme Court's Apprendi v. New Jersey, 530 U.S. 466 (2000), Blakely v. Washington, 542 U.S. 296, 303 (2004), and United States v. Booker, 543 U.S. 220 (2005) line of cases on a sentence that exceeded twenty years, imposed after a 17-A M.R.S. § 203 manslaughter conviction.

In its order summarily dismissing the state post-conviction, the trial judge noted that under the statute of limitations for state post-conviction petitions Meggison could not rely on 15 M.R.S. § 2128(5)(B). Subsection B permits the filing of post-conviction petitions one year from

the "date on which the constitutional right, state or federal, asserted was initially recognized by the Law Court or the Supreme Court of the United States, if the right has been newly recognized by that highest court and made retroactively applicable to cases on collateral review." The Superior Court justice concluded that Schofield did not create a new constitutional right and did not apply retroactively, (Sup. Ct. Order at 4, Doc. 1-7), anticipating the holding of Carmichael v. State, 2007 ME 86, 42, 927 A.2d 1172, 1181-182. The record I have before me does not contain documentation regarding Meggison's appeal of the Superior Court's ruling to the Maine Law Court. However, he indicates in his petition that he filed a notice of appeal in August 2006 and that his appeal was denied on October 3, 2006.[1] (Sec. 2254 Pet. ¶ 11(b)(3), Doc. No. 1 at 4.)

With respect to the timeliness of his 28 U.S.C. § 2254 petition, Meggison represents that he was unaware that his rights were violated until the announcement of the Schofield case. Apropos the timeliness of this federal § 2254 petition under the federal § 2244(d)(1)(C) limitation period, even if the Maine Law Court had concluded that Schofield was retroactive to state post-conviction proceedings, it would not translate to retroactivity for purposes of Meggison's federal petition. Only the United States Supreme Court precedent is operative in that provision and only the United States Supreme Court can make a case retroactive to federal habeas petitions. See Tyler v. Cain, 533 U.S. 656 (2001). Even if Meggison had relied directly on Apprendi, Blakely, and Booker in arguing the timeliness of his 28 U.S.C. § 2254 petition these cases have not been made retroactive to cases on collateral review by the United States Supreme Court. See, e.g., Cummings v. Maine, 09- 302-B-W, 2009 WL 2242368 (D. Me. July 26, 2009) (recommended decision), adopted, 2009 WL 2476515 (D. Me. Aug. 12, 2009).

---

[1] Meggison gives no hint about why he thinks that he had from October 3, 2006, until September 3, 2009, to file a petition in this court, given the one-year federal statute of limitation. There is no indication anywhere in this record that Meggison has had any further actions pending in the state courts since 2006.

3

*Conclusion*

For the reasons outlined above I recommend that the Court summarily deny this 28 U.S.C. § 2254 petition pursuant to Rule Governing Section 2254 Proceedings 4 because it is untimely. I further recommend that a certificate of appealability should not issue in the event Meggison files a notice of appeal because there is no substantial showing of the denial of a constitutional right within the meaning of 28 U.S.C. § 2253(c)(2).

### **NOTICE**

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum, within ten (10) days of being served with a copy thereof. A responsive memorandum shall be filed within ten (10) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

/s/ Margaret J. Kravchuk
U.S. Magistrate Judge

October 22, 2009